Kristin A. VanOrman (7333)
Matt Harrison (13735)
**STRONG AND HANNI**
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508

*Attorneys for Defendants Morgan County, Robert*
*Kilmer, Austin Turner, and Ned Mecham*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DIVISION, FOR THE STATE OF UTAH

| | |
|---|---|
| IAN NELSON,<br><br>        Plaintiff,<br><br>vs.<br><br>MORGAN COUNTY; ROBERT KILMER,<br>in his individual capacity; AUSTIN<br>TURNER, in his individual capacity; and<br>NED MECHAM, in his individual capacity,<br><br>        Defendants. | **ANSWER TO COMPLAINT AND**<br>**RELIANCE UPON JURY DEMAND**<br><br><br>Civil No. 1:19-cv-00043-PMW<br><br>Judge Paul M. Wagner |

Defendants Morgan County, Robert Kilmer, Austin Turner, and Ned Mecham,

(collectively referred to as "Defendants"), by and through counsel of record, hereby responds to

the allegations of Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

In response to the specific allegations of Plaintiff's Complaint, this Defendants admit, deny or otherwise allege as follows:

**INTRODUCTION**

1.      In response to paragraph 1, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

**PARTIES**

2.      Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Defendants admit the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      Defendants admit the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      In response to paragraph 7, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

**JURISDICTION AND VENUE**

8.      Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      In response to paragraph 9, Defendants admit the venue is proper.  However, Defendants are without sufficient information to form a belief as to the truthfulness of the remainder of the allegations and, therefore, deny the same.

10.      In response to paragraph 10, Defendants admit the venue is proper.  However, Defendants are without sufficient information to form a belief as to the truthfulness of the remainder of the allegations and, therefore, deny the same.

11.     Defendants admit the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit the allegations contained in paragraph 12 of Plaintiff's Complaint.

## FACTS

13.     Defendants admit the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendants admit the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendants admit the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Defendants admit the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     In response to paragraph 18, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

19.     Defendants admit the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendants admit the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Defendants admit the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     In response to paragraph 22, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

23.     In response to paragraph 23, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

24.     In response to paragraph 24, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

25.     Defendants admit the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     In response to paragraph 26, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

27.     Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     In response to paragraph 29, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

30.     In response to paragraph 30, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

31.     In response to paragraph 31, Defendants admit Plaintiff made a complaint. However, Defendants deny the veracity and nature of the complaint.

32.     In response to paragraph 32, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

33.     Defendants admit the allegations contained in paragraph 33 of Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
Deprivation of Constitutional Rights
Asserted Against all Defendants

34.     Defendants hereby incorporate by reference the answers above to the allegations contained in Plaintiff's Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**
Utah Whistleblower Act
Utah Code Ann. § 67-21-1(1)(a)
Asserted Against Morgan County

42.     Defendants hereby incorporate by reference the answers above to the allegations contained in Plaintiff's Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

**THIRD CAUSE OF ACTION**
Termination in Violation of a Clear and Substantial Public Policy
Asserted Against Morgan County

45.     Defendants hereby incorporate by reference the answers above to the allegations contained in Plaintiff's Complaint.

46.     In response to paragraph 46, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

### FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
Asserted Against all Defendants

49.     Defendants hereby incorporate by reference the answers above to the allegations contained in Plaintiff's Complaint.

50.     In response to paragraph 50, Defendants are without sufficient information to form a belief as to the truthfulness of these allegations and, therefore, deny the same.

51.     Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

### FIFTH CAUSE OF ACTION
(Intentional Interference with Economic Relationships)
Asserted Against Mecham and Morgan County

55.     Defendants hereby incorporate by reference the answers above to the allegations contained in Plaintiff's Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

### THIRD DEFENSE

Plaintiff's injuries and damages, if any, are the direct and proximate result of the negligence or other actionable fault of the Plaintiff or third parties over whom the Defendants had no right of control and, therefore, the Defendants are liable, if at all, for only that percentage or proportion of fault or negligence attributable to the Defendants.

### FOURTH DEFENSE

Plaintiff's Complaint is barred by Plaintiff's own misconduct, and failure to perform his job duties.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of absolute and qualified immunity.

### SIXTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies and therefore his claims are barred.

### SEVENTH DEFENSE

Plaintiff's injuries, losses, and damages, if any, were proximately caused by Plaintiff's own conduct, and therefore Plaintiff is precluded from recovering in this action.

### EIGHTH DEFENSE

All actions or omissions of Defendants were justified and reasonable under the circumstances.

### NINTH DEFENSE

Some or all of Plaintiff's claims violate the applicable statute of limitations, and therefore such claims are barred.

## TENTH DEFENSE

Plaintiff has failed to comply with the applicable requirements of the Governmental Immunity Act and therefore, his claims in this matter are barred.

## ELEVENTH DEFENSE

As a separate and affirmative defense, Defendants assert that Plaintiff's claims for punitive damages are barred by the United States Constitution and by the Constitution of the State of Utah, specifically, the due process, equal protection, and excessive fines and punishment provisions thereof.

## TWELFTH DEFENSE

As a separate and affirmative defense, Defendants assert that Plaintiff's claims for punitive damages must be proved by "clear and convincing evidence" as set forth by Utah Code Ann. §78-18-1, *et seq*.

## THIRTEENTH DEFENSE

As a separate and affirmative defense, Defendants assert that Plaintiff has failed to plead with particularity such allegations as would entitle his to claim a damage award for punitive damages as required by law.

## FOURTEENTH DEFENSE

As a separate and affirmative defense, and to the extent that the evidence may so indicate, Defendants assert that Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

## FIFTEENTH DEFENSE

The Sixth Amendment of the United States Constitution, and Article I, Section 10 of the Utah Constitution, prohibit an award of punitive damages unless there is a unanimous verdict.

Plaintiff must prove each and every element of a punitive damage award beyond a reasonable doubt or, in the alternative, by clear and convincing evidence.

### SIXTEENTH DEFENSE

Under no circumstances may any Defendant be held vicariously liable for an award of punitive damages.

### SEVENTEENTH DEFENSE

Any punitive damages are subject to the limitations and requirements of Utah Code Annotated § 78B-8-201.

### EIGHTEENTH DEFENSE

Under the provisions of the Utah Code Annotated § 78B-8-201, a portion of any punitive damage award goes to the State of Utah, and therefore, constitutes an excessive fine made unconstitutional under the Eighth Amendment of the United States Constitution, and Article I, Section 9 of the Utah Constitution.

### NINETEENTH DEFENSE

Plaintiff's injuries were due wholly or in part, to pre-existing injuries and/or physical, mental, or emotional deficiencies.

### TWENTIETH DEFENSE

No act or conduct of Defendants or any agent, servant, or employee caused any alleged injury, damage, or loss to Plaintiff.

### TWENTY-FIRST DEFENSE

As a separate and affirmative defense, Defendants assert that Plaintiff has not exhausted his administrative remedies in relation to any accusations against Morgan County for any hostile work environment claim.

**TWENTY-SECOND DEFENSE**

As a separate and affirmative defense, Defendants allege that it has no notice of alleged harassment and/or discrimination and had no intention to discriminate.

**TWENTY-THIRD DEFENSE**

As a separate and affirmative defense, Defendants allege that Plaintiff was terminated for a non-discriminatory reason.

**TWENTY-FOURTH DEFENSE**

As a separate and affirmative defense, Defendants allege that Plaintiff's termination was job-related and was consistent with business necessity.

**TWENTY-FIFTH DEFENSE**

Defendants allege that evidence may be discovered to indicate that the Plaintiff has failed to mitigate his damages and to the extent that he has failed to mitigate his damages, such claims are barred.

**TWENTY-SIXTH DEFENSE**

Defendants have, or may have, other affirmative defenses which are not now known, but which will become known through future discovery. Defendants reserve their right to assert any additional affirmative defenses that may be ascertained through future discovery.

**TWENTY-SEVENTH DEFENSE**

As a separate and affirmative defense, Defendants allege that Plaintiff's claims to the State Auditor were not made in good faith.

**TWENTY-EIGHTH DEFENSE**

As a separate and affirmative defense, Defendants allege that Plaintiff's claims do not qualify for whistleblower protection.

## TWENTY-NINETH DEFENSE

As a separate and affirmative defense, Defendants allege that Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRTIETH DEFENSE

As a separate and affirmative defense, Plaintiff's claim under the Utah Protection of Public Employees Act fails as Plaintiff did not communicate a violation or suspected violation of law, rule, or regulation.

## THIRTY-FIRST DEFENSE

As a separate and affirmative defense, Plaintiff's claim under the Utah Protection of Public Employees Act fails as Plaintiff did not give written notice or otherwise formally communicate an alleged violation of that act.

## THIRTY-SECOND DEFENSE

As a separate and affirmative defense, Plaintiff's claim under the Utah Protection of Public Employees Act fails as Plaintiff's communications were solely self-serving and were not communicated in good faith.

## THIRTY-FOURTH DEFENSE

As a separate and affirmative defense, under the Governmental Immunity Act of Utah, Defendants are immune from suit for Plaintiff's tort claims.

## THIRTY-FIFTH DEFENSE

As a separate and affirmative defense, Defendants' decision to terminate Plaintiff's employment was justified.

## THIRTY-SIXTH DEFENSE

As a further, separate and additional defense, Defendants assert that Plaintiff's claims fail in that Plaintiff has failed to establish any requisite culpability, government misconduct, or deliberately wrongful governmental decisions or actions.

## THIRTY-SEVENTH DEFENSE

As a further, separate and additional defense, Defendants assert that Plaintiff was an "at will" employee subject to termination with or without cause.

## THIRTY-EIGHTH DEFENSE

As a separate and affirmative defense, Morgan County may not be held responsible for the acts of is employees under a respondeat superior theory of liability and cannot be held liable pursuant to vicarious liability.

## THIRTY-NINTH DEFENSE

As a separate and affirmative defense, Defendants did not deprive Plaintiff of a right secured by the United States Constitution or a federal statute.

## FORTIETH DEFENSE

As a separate and affirmative defense, Plaintiff cannot show that any alleged constitutional violation was caused by a policy, custom, or practice of Morgan County.

## FORTY-FIRST DEFENSE

As a separate and affirmative defense, Plaintiff cannot show that any alleged misconduct or constitutional violations by Defendants were taken while acting under color of state law.

## FORTY-SECOND DEFENSE

As a separate and affirmative defense, Defendants are not liable under § 1983 for alleged violations of state law.

## FORTY-THIRD DEFENSE

As a separate and affirmative defense, legislator Defendants are immune from liability under § 1983 for their legislative acts.

**WHEREFORE, Defendants Morgan County, Robert Kilmer, Austin Turner, and Ned Mecham, (collectively referred to as "Defendant")**, having fully answered the allegations of Plaintiff's Complaint, hereby demand that Plaintiff's Complaint be dismissed with prejudice and on the merits, that Plaintiff take nothing thereby, and that Defendants be awarded the costs of Court incurred herein and for such other and further relief as the Court deems just and equitable.

## RELIANCE UPON THE JURY DEMAND

COMES NOW Defendants and hereby gives notice to the Court and to all counsel that they do now and will rely upon the demand for trial by jury previously filed in this matter.

DATED this 5th day of June, 2019.

STRONG & HANNI

*/s/ Kristin A. VanOrman*
Kristin A. VanOrman
Matt Harrison
*Attorneys for Defendants Morgan County, Robert Kilmer, Austin Turner, and Ned Mecham*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of June, 2019, I did cause a true and correct

copy of the foregoing **ANSWER TO COMPLAINT AND RELIANCE UPON JURY**

**DEMAND** to be served via CM/ECF Electronic System upon the following:

      Jason D. Haymore
      **PEARSON BUTLER, PLLC**
      1802 South Jordan Parkway #200
      South Jordan, UT  84095
      jasonh@pearsonbutler.com
      *Attorney for Plaintiff*

                                       */s/ Ali Hansen*